```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

             v.                        21 MJ 10212 (ALC)

JOSHUA STREIT,

                Defendant.             Plea
                                       (via Telephone)
------------------------------x

                                       New York, N.Y.
                                       June 13, 2022
                                       2:00 p.m.

Before:

              HON. ANDREW L. CARTER, JR.,

                                       District Judge

                     APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
BY:  DINA McLEOD
     Assistant United States Attorney

JEFFREY LICHTMAN
     Attorney for Defendant
BY:  JEFFREY EINHORN


Also Present:
Jeffrey Williams, FBI
Joshua Williams, FBI
```

1        (Case called)

2        MS. McLEOD:  Good afternoon, your Honor, this is Dina
3   McLeod for the government.

4        MR. EINHORN:  Good afternoon, your Honor, this is
5   Jeffrey Einhorn for Joshua Streit, who is on the line as well.

6        THE DEPUTY CLERK:  Mr. Streit, please state your first
7   and last name for the record.

8        THE DEFENDANT:  First name Josh.  Last name Streit.

9        THE COURT:  Good afternoon.  We are proceeding
10  telephonically because of the COVID-19 pandemic.  Since video
11  is not available for today's call, I find that it is in the
12  interests of justice and in the interests of Mr. Streit to
13  proceed remotely.

14       My understanding is that Mr. Streit would like to be
15  arraigned on an information and plead guilty to that
16  information.  It's important to get this case moving along.

17       Just so the record is complete, defense counsel, do
18  you waive your client's appearance in the courtroom for
19  purposes of this proceeding?

20       MR. EINHORN:  Yes, your Honor.  We waive that.

21       THE COURT:  Anything else from the government in this
22  regard?

23       MS. McLEOD:  Your Honor, I just want to put on the
24  record, as well, as a reason for the video conference not being
25  available, the defendant has very strict restrictions on the

1  type of electronic devices he can have, which also makes it
2  very difficult for him to have a video conference.
3      THE COURT:  Thank you.
4      Mr. Streit, I am going to ask you some questions.  I
5  am going to require that your answers be under oath, so I'll
6  ask my talented deputy to administer an oath.
7      (Defendant sworn)
8      THE COURT:  Mr. Streit, I want to make sure you
9  understand that you have taken an oath to tell the truth.  If
10 you were to intentionally lie in response to any of my
11 questions, you can face criminal prosecution for making false
12 statements under oath.  Do you understand?
13     THE DEFENDANT:  Yes, your Honor.
14     THE COURT:  What is your full name?
15     THE DEFENDANT:  Full name is Joshua Brody Streit.
16     THE COURT:  How old are you?
17     THE DEFENDANT:  Thirty-one.
18     THE COURT:  How far did you go in school?
19     THE DEFENDANT:  Some post secondary.
20     THE COURT:  Are you currently under the care of a
21 medical doctor or a psychologist for any reason?
22     THE DEFENDANT:  No.
23     THE COURT:  In the last 24 hours, have you had any
24 drugs, medicine, pills or alcoholic beverages?
25     THE DEFENDANT:  No, your Honor.

1     THE COURT: Defense counsel, do you have any doubt
2 about your client's competence to proceed?
3     MR. EINHORN: I do not, your Honor.
4     MS. McLEOD: We also do not.
5     THE COURT: I find that Mr. Streit has answered the
6 questions appropriately, I find that he is competent to
7 proceed, and we will continue.
8     Mr. Streit, have you been furnished with a copy of the
9 information that's been filed against you?
10     THE DEFENDANT: Yes, your Honor.
11     THE COURT: The information has one count. It charges
12 you with computer fraud, unauthorized access to obtain
13 information from a protected computer. I will read it.
14     From at least in or about 2017, to at least in or
15 about July 2021, in the Southern District of New York and
16 elsewhere, Joshua Streit, a/k/a Josh Brody, the defendant,
17 intentionally accessed and attempted to access computers
18 without authorization and exceeded authorized access and
19 thereby obtained information from protected computers for
20 purposes of commercial advantage and private financial gain,
21 and the value of the information exceeded $5,000, to wit,
22 Streit obtained unauthorized access to the online accounts of
23 users of a website belonging to Major League Baseball and used
24 such access to conduct illegal streaming of sporting events
25 that he sold to others for a profit.

1          Do you understand that charge, Mr. Streit?

2          THE DEFENDANT: Yes, your Honor.

3          THE COURT: There is also a forfeiture allegation and
4  a substitute assets provision. Have you reviewed those with
5  your attorney?

6          THE DEFENDANT: Yes, your Honor.

7          THE COURT: You have a constitutional right to be
8  charged by an indictment of a grand jury, but you can waive
9  that right and consent to being charged by information of
10 United States Attorney. Instead of an indictment, this felony
11 charge against you has been brought by the U.S. Attorney by the
12 filing of an information. Unless you waive indictment, you may
13 not be charged with a felony unless a grand jury finds, by
14 return of an indictment, that there is probable cause to
15 believe that a crime has been committed and that you committed
16 it. Do you understand?

17         THE DEFENDANT: Yes, your Honor.

18         THE COURT: If you do not waive indictment, the
19 government may present the case to the grand jury and ask it to
20 indict you. The grand jury is composed of at least 16 and not
21 more than 23 persons, and at least 12 grand jurors must find
22 that there is probable cause to believe you committed the crime
23 with which you are charged before you may be indicted. The
24 grand jury might or might not indict you. Do you understand?

25         THE DEFENDANT: Yes, your Honor.

1  THE COURT: If you waive indictment by the grand jury,
2  the case will proceed against you on the U.S. Attorney's
3  information just as though you had been indicted. Do you
4  understand?
5  THE DEFENDANT: Yes, your Honor.
6  THE COURT: Have you discussed waiving your right to
7  indictment by the grand jury with your attorney?
8  THE DEFENDANT: Yes, I have, your Honor.
9  THE COURT: Do you understand your right to indictment
10 by a grand jury?
11 THE DEFENDANT: Yes, your Honor.
12 THE COURT: Have any threats or promises been made to
13 induce you to waive indictment?
14 THE DEFENDANT: No, your Honor.
15 THE COURT: Do you wish to waive your right to
16 indictment by a grand jury?
17 THE DEFENDANT: Yes, your Honor.
18 THE COURT: Defense counsel, is there any reason why
19 your client should not waive indictment?
20 MR. EINHORN: No, your Honor.
21 THE COURT: I believe I have a waiver of indictment
22 form. I believe that has been signed by the defendant.
23 Mr. Streit, when you signed that form, did you sign
24 that form because you wished to waive your right to indictment?
25 THE DEFENDANT: Yes, your Honor.

1                    THE COURT:  I find that the waiver is knowingly and
2     voluntarily made, and I accept it and I will enter an order and
3     finding to that effect.
4                    We will proceed to arraignment on the information.
5                    Mr. Streit, you indicated that you understand the
6     charge that's been levied against you, correct?
7                    THE DEFENDANT:  Yes, your Honor.
8                    THE COURT:  The Court will enter a plea of not guilty
9     on your behalf.
10                   Now, Mr. Streit, you have a constitutional right to
11    continue to plead not guilty.  Do you understand?
12                   THE DEFENDANT:  Yes, your Honor.
13                   THE COURT:  And if you persist in that right, you have
14    the right to a speedy and public trial by jury.  Do you
15    understand?
16                   THE DEFENDANT:  Yes, your Honor.
17                   THE COURT:  At that trial, you would not have to prove
18    that you are innocent.  You would be presumed innocent.  Do you
19    understand?
20                   THE DEFENDANT:  Yes, your Honor.
21                   THE COURT:  At that trial, and at every stage of this
22    criminal prosecution, you have the right to be represented by
23    an attorney.  Do you understand?
24                   THE DEFENDANT:  Yes, your Honor.
25                   THE COURT:  If you could not afford to hire an

1  attorney, the Court would give you an attorney for free.  Do
2  you understand?
3              THE DEFENDANT:  Yes, your Honor.
4              THE COURT:  And defense counsel, are you appointed or
5  retained on this matter?
6              MR. EINHORN:  I am retained, your Honor.
7              THE COURT:  In order for the jury to convict you, the
8  government would have to prove to that jury each and every
9  element of the crime charged beyond a reasonable doubt.  Do you
10 understand?
11             THE DEFENDANT:  Yes, your Honor.
12             THE COURT:  Let's turn to those elements.
13             For Count One, the jury would have to prove that you
14 intentionally accessed computers without authorization.  Do you
15 understand?
16             THE DEFENDANT:  Yes, your Honor.
17             THE COURT:  And that by accessing those computers
18 without authorization you obtained information from protected
19 computers.  Do you understand?
20             THE DEFENDANT:  Yes, your Honor.
21             THE COURT:  And that the obtaining of this information
22 was for purposes of commercial advantage and private financial
23 gain.  Do you understand?
24             THE DEFENDANT:  Yes, your Honor.
25             THE COURT:  And that the value of the information

1  exceeded $5,000.  Do you understand?

2  THE DEFENDANT:  Yes, your Honor.

3  THE COURT:  Specifically, the government would have to
4  prove that you obtained unauthorized access to the online
5  accounts of users of a website belonging to Major League
6  Baseball and used that access to conduct illegal streaming of
7  sporting events that you sold to others for a profit.  Do you
8  understand?

9  THE DEFENDANT:  Yes, your Honor.

10  THE COURT:  If you plead guilty you will be giving up
11  your right to challenge the venue of the prosecution.  Do you
12  understand?

13  THE DEFENDANT:  Yes, your Honor.

14  THE COURT:  Counsel for the government, have I left
15  out any elements of the offense?

16  MS. McLEOD:  No, your Honor.

17  THE COURT:  Counsel for the defense, have I left out
18  any elements of the offense?

19  MR. EINHORN:  No, your Honor.

20  THE COURT:  Mr. Streit, the government would have to
21  prove each and every one of those elements to a jury beyond a
22  reasonable doubt.

23  In order to attempt to prove those elements, the
24  government would call witnesses, your lawyer could question
25  those witnesses.  Do you understand?

1         THE DEFENDANT: Yes, your Honor.

2         THE COURT: Your lawyer could object to evidence that
3 the government tried to introduce against you. Do you
4 understand?

5         THE DEFENDANT: Yes, your Honor.

6         THE COURT: You could call your own witnesses at
7 trial, and your attorney would have the subpoena power of the
8 United States to make witnesses come to court for you. Do you
9 understand?

10         THE DEFENDANT: Yes, your Honor.

11         THE COURT: You could testify in your own behalf at
12 trial, but at the same time you could not be forced to testify
13 because you have a right or privilege against
14 self-incrimination. The right or privilege against
15 self-incrimination means that you cannot be required to say
16 anything out of your own mouth that makes you appear guilty.
17 Do you understand?

18         THE DEFENDANT: Yes, your Honor.

19         THE COURT: Therefore, even if you are guilty, you are
20 not required to plead guilty. You could remain silent and
21 force the government to attempt to prove each and every element
22 of the crime charged beyond a reasonable doubt. If the
23 government could not prove to a jury's satisfaction each and
24 every element of the crime charged beyond a reasonable doubt,
25 the jury would have an obligation to find you not guilty. Do

1  you understand?

2  THE DEFENDANT: Yes, your Honor.

3  THE COURT: Again, even if you are guilty, you are not
4  required to plead guilty. You can remain silent and force the
5  government to attempt to prove each and every element of the
6  crime charged beyond a reasonable doubt. Do you understand?

7  THE DEFENDANT: Yes, your Honor.

8  THE COURT: On the other hand, if you plead guilty,
9  I'll have to ask you what you did that makes you guilty. And
10 when you answer that question you will be saying things out of
11 your own mouth that make you appear guilty, thereby giving up
12 your right or privilege against self-incrimination. Do you
13 understand?

14 THE DEFENDANT: Yes, your Honor.

15 THE COURT: Let's talk about the sentencing process.
16 If I accept your plea of guilty, you will meet with the
17 probation department and they will prepare a presentence
18 report, also known as a probation report. Do you understand?

19 THE DEFENDANT: Yes, your Honor.

20 THE COURT: That report will have information about
21 you and the crime that you are alleged to have committed. That
22 report will also have the probation department's sentencing
23 guideline calculation.

24 Have you and your attorney discussed the sentencing
25 guidelines and how they might apply in your case?

1      THE DEFENDANT:  Yes, your Honor.

2      THE COURT:  Those sentencing guidelines are advisory.
3  What that means is, although I am required to determine the
4  guideline range that applies to your case, once I make that
5  determination, I'm not required to sentence you within that
6  range.  Do you understand?

7      THE DEFENDANT:  Yes, your Honor.

8      THE COURT:  Since I will determine the guideline range
9  that applies in your case and I will determine the ultimate
10 sentence, as you sit here today there is no promise as to what
11 your guideline range is, nor is there a promise as to what your
12 sentence will be.  Do you understand?

13     THE DEFENDANT:  Yes, your Honor.

14     THE COURT:  Let's talk about your agreement with the
15 government.  Did you sign this agreement?

16     THE DEFENDANT:  Yes, your Honor.

17     THE COURT:  Before signing the agreement, did you read
18 it?

19     THE DEFENDANT:  Yes, your Honor.

20     THE COURT:  Did you discuss it with your attorney?

21     THE DEFENDANT:  Yes, your Honor.

22     THE COURT:  Do you understand it?

23     THE DEFENDANT:  Yes, your Honor.

24     THE COURT:  Does this agreement constitute the
25 entirety of your agreement with the government?

1    THE DEFENDANT:  Yes, your Honor.
2    THE COURT:  Counsel for the government, is that
3 correct?
4    MS. McLEOD:  Yes, your Honor.
5    THE COURT:  Counsel for the defense, is that correct?
6    MR. EINHORN:  Yes, your Honor.
7    THE COURT:  I am going to review with you the
8 statutory penalties that apply.  Then I'll go over some
9 portions of the agreement.  I am not going to go over the
10 entire agreement.
11    First, turning to the statutory penalties, Count One
12 has a maximum term of imprisonment of five years.  Do you
13 understand?
14    THE DEFENDANT:  Yes, your Honor.
15    THE COURT:  There is a maximum term of supervised
16 release of three years.  Do you understand?
17    THE DEFENDANT:  Yes, your Honor.
18    THE COURT:  Supervised release is like a term of
19 probation you would serve after a term of custody.  You'd be
20 subject to drug testing, visits to a probation officer's office
21 and other limitations on your freedom.  If you were to violate
22 a condition of supervised release, you could be sentenced to an
23 additional term of custody and an additional term of supervised
24 release without credit for time previously served in custody or
25 on supervised release.  Do you understand?

1  THE DEFENDANT: Yes, your Honor.

2  THE COURT: You'd also be subject to the possibility
3  of a fine, which would be based on your ability to pay it. The
4  maximum fine is the greatest of $250,000, twice the gross
5  pecuniary gain derived from the offense or twice the pecuniary
6  loss to persons other than you resulting from the offense. Do
7  you understand?

8  THE DEFENDANT: Yes, your Honor.

9  THE COURT: There is also a $100 special assessment,
10  which is like a fine, although I must impose that, whether or
11  not you can afford to pay it. Do you understand?

12  THE DEFENDANT: Yes, your Honor.

13  THE COURT: In addition, I must order restitution. Do
14  you understand?

15  THE DEFENDANT: Yes, your Honor.

16  THE COURT: Under your agreement, you admit the
17  forfeiture allegation with respect to Count One, and you agree
18  to forfeit to the United States a sum of money equal to
19  $500,000 in United States currency. Do you understand?

20  THE DEFENDANT: Yes, your Honor.

21  THE COURT: Under the agreement, you agree to make
22  restitution in the amount of $2,995,272.64. Do you understand?

23  THE DEFENDANT: Yes, your Honor.

24  THE COURT: Although you have a statutory right to
25  appeal under your agreement, you have agreed not to file a

1  direct appeal nor bring a collateral challenge of any sentence

2  within or below the range of 51 to 60 months' imprisonment.  Do

3  you understand?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  I want to make sure you understand that if

6  you are not a citizen of the United States, your guilty plea

7  and conviction make it very likely that you'd be removed or

8  deported from the United States.  Do you understand?

9          THE DEFENDANT:  Yes, your Honor.

10         THE COURT:  Have you discussed this with your

11 attorney?

12         THE DEFENDANT:  Yes, your Honor.

13         THE COURT:  And defense counsel, have you in fact

14 discussed that with your client?

15         MR. EINHORN:  I have, your Honor.

16         THE COURT:  Mr. Streit, do you have any questions for

17 me before we continue?

18         THE DEFENDANT:  No, your Honor.

19         THE COURT:  Do you have any questions you'd like to

20 ask your attorney in private before we continue?

21         THE DEFENDANT:  No, your Honor.

22         THE COURT:  Mr. Streit, are you satisfied with your

23 legal representation up to this point?

24         THE DEFENDANT:  Yes, your Honor.

25         THE COURT:  Defense counsel, are you aware of any

1  legal defense to the charge or any other reason why your client
2  should not plead guilty?
3           MR. EINHORN:  I am not, your Honor.
4           THE COURT:  Mr. Streit, are you willing to give up
5  your rights to a trial and all the other rights that we have
6  discussed?
7           THE DEFENDANT:  Yes, your Honor.
8           THE COURT:  Other than what's contained in your
9  agreement with the government, has anyone made any promises to
10 induce you to give up those rights?
11          THE DEFENDANT:  No, your Honor.
12          THE COURT:  Has anyone threatened you or attempted to
13 force you to give up those rights?
14          THE DEFENDANT:  No, your Honor.
15          THE COURT:  How do you plead to Count One of the
16 information, guilty or not guilty?
17          THE DEFENDANT:  Guilty.
18          THE COURT:  What is it you did that makes you guilty
19 of that crime?
20          THE DEFENDANT:  From in or about 2017 to about July
21 2021, I knowingly and willingly engaged in computer fraud by
22 accessing without authorization from a protected computer for
23 the purposes of financial gain.
24          THE COURT:  Was the value of that information in
25 excess of $5,000?

1    THE DEFENDANT: Yes, your Honor.

2    THE COURT: Any further allocution requested by the
3    government?

4    MS. McLEOD: No, your Honor. I can also just make a
5    proffer as to venue. Major League Baseball is headquartered in
6    Manhattan and its servers are located here as well, or at least
7    certain of its servers are located here.

8    THE COURT: Defense counsel, is defense challenging
9    venue?

10   MR. EINHORN: No, your Honor.

11   THE COURT: Any further allocution requested by the
12   government?

13   MS. McLEOD: If you can give me just one second, your
14   Honor.

15   THE COURT: Sure.

16   MS. McLEOD: No, your Honor.

17   THE COURT: Any further allocution requested by the
18   defense?

19   MR. EINHORN: No, your Honor. Thank you.

20   THE COURT: I find that Mr. Streit understands the
21   rights that he is waiving by pleading guilty, I further find
22   that there was a factual basis for the plea, and I will accept
23   his plea of guilty.

24   Do we have a date for sentencing, Tara?

25   THE DEPUTY CLERK: Yes. Thursday, October 13, 2022,

1    at 2 p.m.

2            THE COURT:  I will ask counsel for the government to

3    provide an offense statement to probation within three weeks.

4    I will ask defense counsel to schedule the presentence

5    interview within three weeks.  The interview doesn't need to

6    take place within three weeks, but it needs to be scheduled

7    within three weeks.

8            Anything else from the government?

9            MS. McLEOD:  Tara, I'm so sorry.  Could you repeat the

10   sentencing date.

11           THE DEPUTY CLERK:  It's Thursday, October 13, at 2

12   p.m.

13           MS. McLEOD:  Thank you so much.

14           Nothing further from the government, your Honor.

15           THE COURT:  Anything else from the defense?

16           MR. EINHORN:  No, your Honor.  Thank you.

17           THE COURT:  OK.  We are adjourned.

18           (Adjourned)

19

20

21

22

23

24

25